UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN ADMIRALTY

NAIAD MARITIME CO.,

   Plaintiff,

v.

PACIFIC GULF SHIPPING CO LTD,

   Defendant,

and

EUROCHEM TRADING USA CORP,

TRAMMO, INC.,

   Garnishees.
_____/

CASE NO. _____

**VERIFIED COMPLAINT WITH REQUEST FOR ISSUANCE OF
PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT**

     Plaintiff Naiad Maritime Co. ("Naiad") brings this action against Pacific Gulf Shipping Co Ltd ("PGSC") *quasi in rem* pursuant to Supplemental Rule B for Certain Admiralty and Maritime Claims as follows:

**Jurisdiction and Venue**

     1.    This is an action within this Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333 and is an admiralty or maritime claim within Supplemental Rule B and Fed. R. Civ. P. 9(h).

     2.    This complaint is further brought pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, in that it involves a maritime transaction within the meaning of 9 U.S.C. § 1 and seeks to obtain security in assistance of London maritime arbitration proceedings pursuant to

9 U.S.C. § 8.

3. Venue is proper in this Court because the Garnishees are located and can be found in this District. Defendant cannot be found in this District within the meaning of Supplemental Rule B.

## The Parties

4. Naiad is a Greek corporation, is and was the owner of M/V MARYLISA V at all times material to this action, and has its principal place of business in Athens, Greece.

5. PGSC is a Marshall Islands corporation, is and was the time charterer of the M/V MARYLISA V at all times material to this action, and has its principal place of business in Karachi, Pakistan.

6. Garnishee Eurochem Trading USA Corp ("Eurochem") is an entity with an office located in this District which, on information and belief, Plaintiff reasonably believes holds accounts which are the property of and/or owing to PGSC.

7. Garnishee Trammo, Inc. ("Trammo") is an entity with an office located in this District which, on information and belief, Plaintiff reasonably believes holds accounts which are the property of and/or owing to PGSC.

## Facts

8. On or about August 21, 2015, PGSC entered into a charter party with Naiad pursuant to which Naiad agreed to charter the M/V MARYLISA V to PGSC.

9. Beginning October 12, 2015, Naiad sent several invoices to PGSC representing *inter alia* amounts due for charter hire in accordance with the parties' charter party agreement.

10. By invoice dated October 27, 2015, Naiad advised PGSC that it was in arrears of at least USD 161,154.48.

11.     Future charter hire accrues at the contractual rate of USD 8,000 per day, beginning November 13, 2015.

12.     PGSC never responded to Naiad's invoices or messages and failed to pay the USD 161,154.48 in outstanding charter hire.

13.     Naiad sent notice to PGSC that it had commenced arbitration proceedings against PGSC and had appointed an arbitrator.

14.     Despite demand, PGSC has not paid the USD 161,154.48 it owes Naiad under the parties' charter party agreement.

15.     PGSC is therefore indebted to Naiad in the amount of at least USD 161,154.48, which amount increases by USD 8,000 per day beginning on November 13, 2015.

## Count I – Breach of Maritime Contract

16.     Naiad incorporates the above paragraphs as if fully set forth herein.

17.     PGSC has breached its maritime contract with Naiad as set out above.  Despite repeated demand, Naiad remains unpaid.

18.     Naiad therefore demands judgment, as set out more fully below.

## Count II: Maritime Attachment and Garnishment (Rule B)

19.     Naiad incorporates the above paragraphs as if specifically set forth herein.

20.     Naiad seeks issue of process of maritime attachment so that it may obtain security for its claims in arbitration.

21.     No security for Naiad's claims has been posted by PGSC or anyone acting on its behalf to date.

22.     PGSC cannot be found within this District within the meaning of Rule B, but is believed to have, or will have during the pendency of this action, property and/or assets in this

jurisdiction consisting of cash, funds, freight, hire, and/or credits in the hands of garnishees in this District, including but not limited to Eurochem and Trammo.

**<u>Prayer for Relief</u>**

WHEREFORE, Naiad prays:

A. That in response to Count I, judgment be entered against Pacific Gulf Shipping Co Ltd, and in favor of Naiad Maritime Co,. in the amount of at least USD 161,154.48, plus all other fees and costs as provided in the parties' contracts, plus the costs of this action;

B. That in response to Count II, since Defendant cannot be found within this District pursuant to Supplemental Rule B, this Court issue an Order directing the Clerk to issue Process of Maritime Attachment and Garnishment pursuant to Rule B attaching all of PGSC's tangible or intangible property or any other funds held by any garnishee, up to the amount of at least the amount demanded herein to secure Naiad's claims, and that all persons claiming any interest in the same be cited to appear and, pursuant to Supplemental Rule B, answer the matters alleged in the Verified Complaint; and

C. That this Court award Naiad such other and further relief that this Court deems just and proper.

Dated: November 6, 2015.

*/s/ J. Stephen Simms*
J. Stephen Simms, Trial Counsel,
  *pro hac vice pending*
Marios J. Monopolis, *pro hac vice pending*
Simms Showers LLP
201 International Circle
Baltimore, Maryland 21030
Tel:   (410) 783-5795
Fax:   (410) 510-1789
Email: jssimms@simmsshowers.com
        mjmonopolis@simmsshowers.com

Counsel for Plaintiff

**VERIFICATION**

I am a Principal of the law firm Simms Showers LLP, counsel to Plaintiff.

The facts alleged in the foregoing complaint are true and correct to the best of my knowledge and information based upon the records of Plaintiff made available to me by Plaintiff. Authorized officers of Plaintiff are not readily available in this District to make verifications on Plaintiff's behalf. I am authorized to make this verification on Plaintiff's behalf.

I further certify that, pursuant to Supplemental Rule B, I caused a search to be made of electronic records and Directory Assistance for addresses and telephone numbers in the Middle District of Florida. There is no record of any general or resident agent authorized to accept service of process for Pacific Gulf Shipping Co Ltd in this District.

Pursuant to 28 U.S.C. § 1746(1), I solemnly declare under penalty of perjury that the foregoing is true and correct.

Executed on November 6, 2015.

_____
J. Stephen Simms